# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 12-917 consolidated with 12-909, 12-910, 12-911, 12-912, 12-913, 12-914, 12-915, 12-916, 12-918, 12-919, 12-920, 12-921, 12-922, 12-923, 12-924, 12-925, 12-926, and 12-927

**REBEL DISTRIBUTORS CORP., INC. d/b/a PHYSICIAN PARTNER AND PHARMACY PARTNER (DAMIEN COURVILLE)**

**VERSUS**

**LUBA WORKERS' COMP. ET AL.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 04
PARISH OF LAFAYETTE, NO. 09-09638
SHARON MORROW, WORKERS' COMPENSATION JUDGE

**\*\*\*\*\*\*\*\*\*\***

## JIMMIE C. PETERS
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and Marc T. Amy, Judges.

**AFFIRMED.**

**THIBODEAUX, Chief Judge, dissents in part and assigns written reasons.**

Harry K. Burdette
The Glenn Armentor Law Corporation
300 Stewart Street
Lafayette, LA 70501
(337) 233-1471
COUNSEL FOR PLAINTIFF/APPELLANT:
    Rebel Distributors Corporation, Inc. d/b/a
    Physician Partner and Pharmacy Partner
W. Michael Adams

**Stacey D. Williams**
**Blanchard, Walker, O'Quinn & Roberts**
**P. O. Drawer 1126**
**Shreveport, LA 71163-1126**
**(318) 221-6858**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Rebel Distributors Corporation, Inc. d/b/a**
    **Physician Partner and Pharmacy Partner**

**Jeffrey C. Napolitano**
**Juge, Napolitano, Guilbeau, Ruli & Frieman**
**3320 West Esplanade Avenue North**
**Metairie, LA 70002**
**(504) 831-7270**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **LUBA Casualty Insurance Company**
    **Acadiana Mack & Volvo Contractors**

**PETERS, J.**

For the reasons assigned in *Rebel Distributors, Inc. v. LUBA Workers' Compensation*, 12-909 (La.App. 3 Cir. __/__/14), ___ So.3d __, we affirm the judgment of the workers' compensation judge in all respects. We assess costs of this appeal equally between the plaintiff, Rebel Distributors Corp., Inc. d/b/a Physician Partner and Pharmacy Partner, and the defendants, LUBA Casualty Insurance Company and Acadiana Mack & Volvo Contractors.

**AFFIRMED.**

12-909 consolidated with 12-910, 12-911, 12-912, 12-913, 12-914, 12-915,
12-916, 12-917, 12-918, 12-919, 12-920, 12-921, 12-922,
12-925, 12-926, and 12-927

REBEL DISTRIBUTORS CORP., INC. d/b/a PHYSICIAN PARTNER AND
PHARMACY PARTNER (MARY DOUCET)

VERSUS

LUBA WORKERS' COMP., ET AL.

**THIBODEAUX, Chief Judge, dissenting in part.**

The majority affirms the judgment of the Office of Workers'
Compensation limiting the payment of the outstanding pharmacy bill to $750.00
pursuant to La.R.S. 23:1142. In my view, that is erroneous.

Louisiana Revised Statutes 23:1142(B)(1) and (B)(2)(a) repeatedly
refer to "diagnostic testing" and "treatment." It does not, as the majority opinion
concedes, include prescription medication as part of nonemergency diagnostic
testing or treatment. The diagnostic testing and treatment are the only matters that
are subject to the $750.00 cap, not medication.

The more specific provisions of Part II of Chapter 10 entitled
"Benefits" should properly apply. Louisiana Revised Statutes 23:1203(A)(B)(D)
and (E) all specifically refer to "drugs," "supplies," or "services." The majority, in
my view, is interpreting La.R.S. 23:1203 much too restrictively and focuses undue
attention on references to "employer" and "employee."

For the foregoing reasons, I respectfully dissent in part.